36 F.3d 1114
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re James W. LAWSON, Petitioner.
 Misc. No. 410.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 James W. Lawson petitions for a writ of mandamus or a writ of prohibition to direct the Merit Systems Protection Board to: (1) act on Lawson's motion for a stay, (2) act on Lawson's motion for default, (3) schedule his case for discovery and hearing at the earliest practicable date, (4) prevent the Social Security Administration (SSA) and Lawson's supervisor, Chief Administrative Law Judge Francis Mayhue, from reducing Lawson's pay or denying certain travel expenses, (5) require the SSA or Mayhue to restore previous reductions, and (6) enjoin the SSA and Mayhue from interfering with Lawson's use of time, equipment, supplies, and facilities. The SSA opposes. The Merit Systems Protection Board opposes.
 
 
 2
 Lawson is an administrative law judge with the Social Security Administration in Fort Smith, Arkansas. Lawson states that he began to have conflicts with Mayhue concerning the issuance of decisions. Lawson informed the Regional Chief Administrative Law Judge, Richard Mueller, that he believed Mayhue was seriously ill from alcoholism. Apparently, Mueller told Mayhue about Lawson's comments and, Lawson alleges, Mayhue began retaliating. Lawson states that, inter alia, Mayhue improperly denied certain travel vouchers, delayed the processing of Lawson's cases, manipulated hearing assignments, and denied Lawson's access to the facilities for use in the preparation of his complaints.
 
 
 3
 Lawson appealed to the Board alleging that those actions constituted a constructive removal, suspension, and reduction in pay and that he was being retaliated against based on protected disclosures under the Whistleblower Protection Act.
 
 
 4
 Before the administrative law judge (ALJ) first assigned by the Board to the case, Lawson requested a stay to restrain his supervisors from any retaliatory action. In lieu of responding to the motion, the SSA filed motions to dismiss on the ground that the Board lacked jurisdiction because there was not a removal, suspension, or reduction in pay and that Lawson was required to seek corrective action in his Whistleblower action with the Office of Special Counsel before proceeding to the Board. Meanwhile, Lawson sought a ruling by the Board on his motion for a stay and filed other motions. After the first ALJ retired, the Board assigned the case to another ALJ.
 
 
 5
 On December 23, 1993, the Board denied Lawson's stay request noting that his case was before the newly-assigned ALJ. A hearing was held before the ALJ and, on February 16, 1994, the ALJ issued a decision entitled "Order Denying in Part Motions to Dismiss, While Protecting Employee from Possible Harassment." The decision determined that there had been no constructive removal or suspension as of that date. Additionally, he found that there was no reduction of pay because the denial of four travel vouchers by Mayhue had been overturned by higher authorities in the agency. The ALJ determined that the issue of reduction in pay was not ripe for final decision because certain pending travel vouchers denied by Mayhue had not yet been reviewed by higher agency authorities. Finally, the ALJ, under a provision allowing the Board to afford interim protective relief from possible harassment, stated that he was granting Lawson protective relief. The ALJ directed the agency to provide information about case assignments, travel policy, and leave policies and to provide the parties with copies of a report that the agency had prepared regarding the matter.
 
 
 6
 The SSA filed a motion with the Board to stay or rescind the ALJ's protective order. On March 18, 1994, the Board vacated the ALJ's order on the ground that it was not a protective order enjoining harassment as provided by the statute, but rather was in the nature of a discovery order. The Board also stated that the ALJ's order was a final recommended decision and, thus, reviewable by the Board.
 
 
 7
 In March, April, and May the parties filed various exceptions, motions, and responses with the Board. Currently pending before the Board are the ALJ's recommended decision and the above referenced documents, including Lawson's motion for a stay.
 
 
 8
 In his petition, Lawson seeks to have this court compel the Board to rule on his stay motion and other motions and to enjoin the SSA and Mayhue from further retaliatory action. The crux of the Board's opposition is that all of the matters are before the Board for resolution, that there has been no undue delay, and that these circumstances do not warrant present review by this court. We agree. The Board's case is proceeding in due course. Further, there appear to be many contested matters that are better reviewed by the Board in the first instance. While Lawson contends that he is being harmed, we note that the alleged improper actions of Mayhue and the agency have been present since the inception of the action. In sum, Lawson has not shown that the Board is unduly delaying the case or that he is being irreparably harmed absent action by this court. Thus, Lawson has not shown that he is entitled to issuance of a writ. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (mandamus appropriate only in extraordinary circumstances where petitioner shows right to a writ is clear and indisputable and where no alternative remedies are available).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Lawson's petition is denied.